The STATE of Ohio, Appellee,

v.

SCHAEFER, Appellant.

[Cite as *State v. Schaefer*, 155 Ohio App.3d 448, 2003-Ohio-6538.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 19805.

Decided Nov. 26, 2003.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Jose M. Lopez, for appellant.

GRADY, Judge.

{¶ 1} Defendant, Thomas Schaefer, appeals from his conviction and sentence for attempted unlawful sexual conduct with a minor.

{¶ 2} On August 17, 2002, defendant entered an Internet chat room and began talking to a Brookville police officer who was posing as a 14–year–old girl. Defendant talked about sex and described sexual acts he wanted to perform with the girl. Defendant requested a meeting with the girl, and a specific date, time, and place was arranged for that meeting. Shortly after 2:40 a.m. on August 17, 2002, defendant drove to the Dairy Queen in Brookville to meet with the girl, as had been arranged. Brookville police arrested defendant when he arrived there.

{¶ 3} Defendant was charged with one count of importuning, R.C. 2907.07(D)(2), and one count of attempted unlawful sexual conduct with a minor, R.C. 2923.02(A) and 2907.04(A). Defendant entered a guilty plea to the importuning charge, and the trial court sentenced him to five years of community-control sanctions and designated him a sexually oriented offender. Defendant did not appeal from that conviction.

{¶ 4} Defendant subsequently moved to dismiss the charge of attempted unlawful sexual conduct with a minor, arguing that the state could not prove that offense because there was no minor involved, only a police officer posing as a minor. Defendant additionally argued that importuning is a lesser included offense of attempted unlawful sexual conduct with a minor and that double jeopardy barred his conviction for both offenses.

{¶ 5} After memorandums were filed by both parties, the trial court overruled defendant's motion to dismiss. Defendant subsequently entered a plea of no contest to attempted unlawful sexual conduct with a minor. The trial court found defendant guilty and upon his conviction sentenced him to five years of community-control sanctions and designated him a sexually oriented offender. Defendant has timely appealed to this court from his conviction and sentence.

ASSIGNMENT OF ERROR

{¶ 6} "The trial court erred and acted contrary to law in overruling defendant-appellant, Thomas E. Schaefer's, motion to dismiss as plaintiff-appellee, state of Ohio, could not establish all of the elements to the charge of attempted unlawful sexual conduct with a minor under Ohio Revised Code Section 2907.04 in the absence of an actual 'minor' and in failing to dismiss Count Two (II) of the indictment based upon the Double Jeopardy Clause of the Fifth Amendment."

{¶ 7} Defendant was convicted of attempted unlawful sexual conduct with a minor in violation of R.C. 2907.04(A) and 2923.02(A). Those statutes provide, respectively:

{¶ 8} "No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard."

{¶ 9} "No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense."

{¶ 10} Defendant argues that the trial court erred when it overruled his motion to dismiss the attempted-unlawful-sexual-conduct-with-a-minor charge because no child was involved in the attempted offense, but only a police officer posing as a minor. Therefore, the state could not prove an essential element of that offense.

{¶ 11} It is no defense to a charge under the attempt statute that, in retrospect, commission of the offense that was the object of the attempt was either factually or legally impossible under the attendant circumstances, if that offense could have been committed had the attendant circumstances been as the actor believed them to be. R.C. 2923.02(B). It is undisputed that defendant believed that he was meeting a 14–year–old girl to engage in sexual conduct with her. It is no defense that the girl turned out to be a Brookville police officer.

{¶ 12} In *State v. Priest* (Apr. 19, 2002), Greene App. No. 2001CA108, 2002 WL 628639, a case very similar to this one, we addressed the same argument now raised by defendant, that a defendant cannot be charged with or convicted of attempted unlawful sexual conduct with a minor when in fact no minor was involved. We rejected that argument, stating:

{¶ 13} "[I]t is no defense for Priest that there was no minor child involved, since he did believe that there was a minor child, named Ashley, that she was fourteen years old, and that she would meet him at a specified location in Xenia. He then drove to that specified location on the date and time planned and that attempt to meet the imaginary Ashley was clearly a substantial step in the course

of conduct planned to culminate in his commission of the crime. It is obvious that his trip to Xenia was strongly corroborative of his criminal purpose."

{¶ 14} Likewise, defendant in this case clearly believed that the person from whom he had solicited sex on the Internet was a 14–year–old girl and that she would meet him for that purpose at a specific location in Brookville. Defendant drove from Troy to Brookville for that meeting. Defendant's trip to Brookville on the date and time planned for their meeting was a substantial step in a course of conduct planned to culminate in his commission of the offense and was strongly corroborative of defendant's criminal purpose.

{¶ 15} Furthermore, there is no merit in defendant's claim that his conduct in this case, rather than constituting attempted unlawful sexual conduct with a minor, more appropriately constitutes importuning in violation of R.C. 2907.07(E)(2) because it involves a law enforcement officer posing as a minor. That section provides:

{¶ 16} "No person shall solicit another by means of a telecommunications device, as defined in section 2913.01 of the Revised Code, to engage in sexual activity with the offender when the offender is eighteen years of age or older and either of the following applies:

{¶ 17} "* * *

{¶ 18} "The other person is a law enforcement officer posing as a person who is thirteen years of age or older but less than sixteen years of age, the offender believes that the other person is thirteen years of age or older but less than sixteen years of age or is reckless in that regard, and the offender is four or more years older than the age the law enforcement officer assumes in posing as the person who is thirteen years of age or older but less than sixteen years of age."

{¶ 19} In *Priest,* we observed:

{¶ 20} "[I]mportuning refers only to the solicitation by a telecommunication device and does not cover an actual attempt which was made by Priest here. Priest's trip to Xenia for purpose of meeting his intended minor on the date and time actually planned lifts his conduct out of the importuning section and into the attempted unlawful sexual conduct with a minor."

{¶ 21} Likewise, defendant's conduct in driving from Troy to Brookville at the prearranged date and time to meet and have sex with the 14–year–old girl he had been talking with on the Internet goes well beyond merely soliciting the girl for sexual activity and constitutes an attempt to commit unlawful sexual conduct with a minor.

{¶ 22} Finally, defendant argues that importuning is a lesser included offense of attempted unlawful sexual conduct with a minor and that having

already been convicted of that lesser offense, double jeopardy prohibits his prosecution for the greater offense. See *Brown v. Ohio* (1977), 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187.

{¶ 23} In *State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, the Ohio Supreme Court set forth this three-part test to determine whether an offense is a lesser included offense of another: (1) the offense carries a lesser penalty than the other, (2) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed, and (3) some element of the greater offense is not required to prove the commission of the lesser offense. When comparing the elements of the two offenses under the second part of the *Deem* test, those elements must be compared in the abstract, without reference to specific facts or evidence. *State v. Barnes*, 94 Ohio St.3d 21, 2002-Ohio-68, 759 N.E.2d 1240; *State v. Kidder* (1987), 32 Ohio St.3d 279, 282, 513 N.E.2d 311.

{¶ 24} Defendant states, at page 8 of his merit brief, that we held in *Priest* that importuning "is a lesser offense to attempted unlawful sexual conduct with a minor." The statement is set up in the form of a quotation from our opinion. Defendant does not cite the page of our opinion on which that statement appears. A review of the opinion reveals only one statement similar to it, which appears on page 5. It states that importuning "is a lesser offense than the one Priest was charged with." Our statement refers only to the penalties for violations of the two offenses when compared. Defendant's addition of the preposition "to" creates an implication that the lesser offense is included within the greater, which is not a holding we made in *Priest*. Indeed, the issue was not even involved in that case.

{¶ 25} Attempted unlawful sexual conduct with a minor, a violation of R.C. 2907.04(A), is a felony of the fourth degree. R.C. 2907.04(B)(3) and 2923.02(E). Importuning, a violation of R.C. 2907.07(E)(2), is a felony of the fifth degree. R.C. 2907.07(G). Thus, importuning carries a lesser penalty, and the first prong of the *Deem* test is satisfied.

{¶ 26} A comparison of the elements of attempted unlawful sexual conduct with a minor (R.C. 2907.04[A] and 2923.02[A]) and importuning per (R.C. 2907.07[E][2]) readily reveals that attempted unlawful sexual conduct with a minor can be committed without also committing the offense of importuning. An offender can attempt to engage in sexual conduct with a minor without the involvement or use of a telecommunications device, or without the involvement of a law enforcement officer posing as a person between 13 and 16 years of age, both of which are required to commit the form of importuning with which defendant was charged. Because attempted unlawful sexual conduct with a minor can be committed without also committing importuning, importuning is not

a lesser included offense of attempted unlawful sexual conduct with a minor. *Deem.* The trial court was correct when it overruled defendant's motion to dismiss the charge of attempted unlawful sexual conduct with a minor on a lesser included offense/double jeopardy claim.

{¶ 27} The assignment of error is overruled. The judgment of the trial court is affirmed.

Judgment affirmed.

WOLFF and FREDERICK N. YOUNG, JJ., concur.