OPINION
{¶ 1} Defendant-appellant Christopher Helle ("Helle") brings this appeal from the judgment of the Court of Common Pleas of Allen County denying his motion to dismiss the indictment for importuning.
 {¶ 2} On July 17, 2003, the Allen County Grand Jury indicted Helle on one count of importuning and one count of attempted unlawful sexual conduct with a minor. The indictment was based upon Helle's attempts to solicit sex via the internet from a police officer who was posing as a fourteen year old girl. Helle entered not guilty pleas to both counts. On October 31, 2003, Helle filed a motion to dismiss the indictment, claiming that R.C. 2907.07(E)(2), which has now been renumbered R.C.2907.07(D)(2), was unconstitutional. The trial court overruled the motion on December 2, 2003. On December 22, 2003, Helle withdrew his not guilty plea and entered a plea of no contest to the importuning charge. The attempted unlawful sexual conduct with a minor charge was dismissed pursuant to a plea agreement. On February 2, 2004, a sentencing hearing was held and Helle was sentenced to four years of community control. Helle appeals from these judgments and raises the following assignment of error.
The trial court erred when it denied [Helle's] motion todismiss count one of the indictment in this case as the offensecharged, importuning, R.C. 2907.07(E)(2), violates theConstitution of the United States and the Constitution of theState of Ohio.
 {¶ 3} Helle's sole assignment of error claims that R.C.2907.07(E)(2) is unconstitutional. This court has previously addressed the constitutionality of this statute in State v.Snyder, 155 Ohio App.3d 453, 2003-Ohio-6399, 801 N.E.2d 876. Like the defendant in Snyder, Helle argues that the statute violates his right to free speech and requires the officer to entrap the defendant. In Snyder, this court held the following:
R.C. 2907.07(E)(2) is not aimed at the expression of ideas orbeliefs; rather, it is aimed at prohibiting adults from takingadvantage of minors and the anonymity and ease of communicatingthrough telecommunications devices, especially the Internet andinstant messaging devices, by soliciting minors to engage insexual activity. * * *
 In examining the state's interest in enacting R.C.2907.07(E)(2), we find that it is significantly compelling tojustify restricting the type of speech regulated by the statute.An obvious purpose of the enactment of R.C. 2907.07(E)(2) is toprotect minors from the unlawful solicitation of sexual activityby adults, which extends to shielding minors from influences thatare not obscene by adult standards.
Id. at ¶ 19-20. The Snyder opinion drew a distinction between "pure" speech and that intended to lure children into sexual activities with adults. While pure speech is protected, the attempt to engage in sexual activity with children under the age of sixteen is not. This statute does not have a "chilling" effect on free speech because one is still free to attempt to entice another adult to engage in sexual conduct, but not a child.
 {¶ 4} The only constitutional argument posed by Helle that was not addressed by this court in the Snyder case is that R.C.2907.07(E)(2) violates the principles of Ashcroft v. Free SpeechCoalition (2002), 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403, by criminalizing actions which do not in fact harm children.[1] Helle attempts to compare R.C. 2907.07(E)(2) to the virtual child pornography which the Ashcroft court held was protected by the First Amendment. We find the Ashcroft case is distinguishable from the case sub judice.
 {¶ 5} In Ashcroft, the principle question to be resolved by the Supreme Court was "whether the CPPA [Child Pornography Prevention Act of 1996] [wa]s constitutional where it proscribe[d] a significant universe of speech that [wa]s neither obscene under Miller nor child pornography under Ferber." Id. at 240. In determining that the production and possession of sexually explicit images that appeared to depict minors but were actually produced without using real children was protected by the First Amendment, the Ashcroft court reasoned that absent from the actions prohibited by the CPPA was any "attempt, incitement, solicitation, or conspiracy." Id. at 253. Rather, theAshcroft court held that "[t]he Government ha[d] shown no more than a remote connection between speech that might encourage thoughts or impulses and any resulting child abuse." Id.
 {¶ 6} It appears that the Ashcroft court did not extend its ruling to protect actions prohibited by R.C. 2907.07(E)(2) since the Court held that "[t]he Government, of course, may punish adults who provide unsuitable materials to children * * * and it may enforce criminal penalties for unlawful solicitation." Id. at 251-252. Since R.C. 2907.07(E)(2) governs the conduct of soliciting children to engage in sexual activity, and not the expression of ideas, it does not regulate free speech. State v.Anthony, 1st Dist. No. 030510, 2004-Ohio-3894. R.C.2907.07(E)(2) requires a person to believe he is soliciting a minor for sexual activity. If the person so believes that he is soliciting a minor, he intends to violate the statute and his speech is not protected. The statute "does not regulate any type of protected speech as the CPPA attempted to do." State v.Tarbay, 157 Ohio App.3d 261, 2004-Ohio-2721, 810 N.E.2d 979, at ¶ 13. Therefore, the conduct governed by R.C. 2907.07(E)(2) is readily distinguishable from the restricted conduct of producing or possessing pornography that involves only "virtual" images, such as that described in Ashcroft.
 {¶ 7} Helle also claims that the statute requires the police to engage in entrapment. Entrapment only occurs when the police place the idea in the mind of an innocent person and induce the person to commit a criminal offense. Snyder, 2003-Ohio-6399, at ¶ 34.
Ohio law does not recognize merely affording opportunities orfacilities for committing an offense as a legal defense. * * *
 The law permits a police officer to go as far as to suggest anoffense and to provide the opportunity for the defendant tocommit the offense. If the defendant is already disposed tocommit the offense and acts pursuant to a criminal idea orpurpose of his own, then there is no entrapment and the defendantcan be found guilty.
Id. at ¶ 36, citing State v. Laney (1991),61 Ohio Misc.2d 688, 695, 583 N.E.2d 479. This court further held that the statute adequately limited the tactics of law enforcement in apprehending those who violated the statute. Id. at ¶ 37.
 {¶ 8} Helle admits in his brief that this is not a classic case of entrapment and provides no argument that he was entrapped. The facts stated in the State's motion in opposition to the motion to dismiss are that Helle is the one who suggested the meeting, the one who drove 75 miles for the meeting, and the one who arrived at the meeting with a camera and condoms.[2] Without some evidence that he was entrapped, this court can find no evidence that the statute requires entrapment in order to apprehend offenders. Thus, the assignment of error is overruled.
 {¶ 9} The judgment of the Court of Common Pleas of Allen County is affirmed.
Judgment affirmed.
Shaw, P.J., and Cupp, J., Concur.
[1] This argument was not addressed by this court in theSnyder case because it was not raised by the appellant at that time.
[2] No facts are found in the record as no transcript of the plea hearing and no presentence investigation were provided. Thus, this court only has the statements made in the record from which to determine basic facts.