JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App. R. 11.1(E) and Loc. R. 12, is not controlling authority except as provided in S.Ct. R.Rep.Op. 2(G)(1).
The defendant-appellant, Jeffery Allen Ables, appeals from his conviction for the offenses of unlawful sexual contact with a minor in violation of R.C 2923.02(A) and importuning in violation of R.C. 2907.07(E)(2). Overruling his assignments of error, we affirm the trial court's judgment.
Ables engaged in an Internet chat-room conversation with "Emma," whom, based on their conversation, he believed to be a female fourteen years of age. Despite "Emma's" claimed age, Ables solicited the person for vaginal and oral sex and arranged for them to meet in the parking lot of the Red Roof Inn in Blue Ash, Ohio. The anticipated sex was to occur in Ables's car. In reality, "Emma" was a male deputy sheriff. Ables was promptly arrested when he arrived for the rendezvous.
After the trial court overruled his challenge to the constitutionality of the importuning statute, Ables withdrew his not-guilty plea and entered a no-contest plea to the charges against him. The trial court found him guilty of both offenses and sentenced him to two years of community control with a community-control sanction of ninety days' confinement in the Hamilton County Justice Center. The trial court also classified Ables as a sexually oriented offender and informed him of his duty to register pursuant to R.C. 2950.03. The trial court stayed execution of the sentence pending Ables's appeal.
Ables's first assignment of error claims that application of the importuning statute violated his rights under the First Amendment by criminalizing protected speech between him and the deputy sheriff who professed to be "Emma." Essentially, he argues that since both parties to the conversation were, as it turned out, adults, the content of their conversation could not be criminalized, even if it involved an attempt by him to have sex with an underage female. The assignment of error is overruled on the authority of State v. Tarbay, 157 Ohio App.3d 261,2004-Ohio-2721, 810 N.E.2d 979. See, also, State v. Gross, 1st Dist. Nos. C-040196 and C-040208, 2004-Ohio-6997.
Ables's second assignment of error, addressing the sufficiency and weight of the evidence, is also overruled as his no-contest plea admitted the essential elements of the offenses alleged in the indictment. Statev. Mascio (1996), 75 Ohio St.3d 422, 425, 662 N.E.2d 370.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App. R. 27. Costs shall be taxed under App. R. 24.
Hildebrandt, P.J., Gorman and Sundermann, JJ..