DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, James W. Graham, III, appeals the decision of the Medina County Court of Common Pleas, which found him guilty of importuning, in violation of R.C. 2907.07(D)(2) and sentenced him to community control sanctions. This Court affirms.
 I. {¶ 2} The underlying facts giving rise to this appeal are undisputed. On November 19, 2003, appellant was indicted by the Medina County Grand Jury for importuning in violation of R.C. 2907.07(D)(2). The indictment was based upon appellant's attempt to solicit sex via a telecommunications device from a police officer who was posing as a person older than thirteen but younger than sixteen. Appellant initially entered a plea of not guilty. On January 5, 2004, appellant filed a motion to dismiss the indictment on the grounds that said statute violates the Ohio and United States Constitutions. The trial court held a hearing on the matter on February 17, 2004. On February 19, 2004, the trial court denied appellant's motion. Appellant entered a plea of no contest on April 5, 2004. The trial court accepted appellant's plea, found him guilty, and sentenced him accordingly.
 {¶ 3} Appellant timely appealed, setting forth one assignment of error for review.
 ASSIGNMENT OF ERROR
"The trial court erred when it denied appellant's motion to dismiss the indictment."
 {¶ 4}
In his sole assignment of error, appellant argues that R.C. 2907.07(D)(2) is unconstitutional. This Court disagrees.
 {¶ 5} Appellant was convicted of violating R.C. 2907.07(D)(2), which states:
"No person shall solicit another by means of a telecommunications device, as defined in section 2913.01 of the Revised Code, to engage in sexual activity with the offender when the offender is eighteen years of age or older and either of the following applies:
"The other person is a law enforcement officer posing as a person who is thirteen years of age or older but less than sixteen years of age, the offender believes that the other person is thirteen years of age or older but less than sixteen years of age or is reckless in that regard, and the offender is four or more years older than the age the law enforcement officer assumes in posing as the person who is thirteen years of age or older but less than sixteen years of age."
 {¶ 6} Appellant sets forth two arguments to support his proposition that R.C. 2907.07(D)(2) is unconstitutional. First, appellant asserts that the statute improperly infringes on his right to free speech and to due process. Further, appellant asserts that the statute violates the commerce clause of the U.S. Constitution. Appellant's arguments are without merit.
 A. Free Speech and Due Process {¶ 7} The Third District Court of Appeals addressed theFirst Amendment implications of R.C. 2907.07(E)(2), which is now designated as (D)(2), in State v. Snyder (2003) 155 Ohio App.3d 453, 2003-Ohio-6399, at ¶¶ 20-29. In Synder, a police officer posing as a 14-year-old girl made contact over the internet with a 36-year-old man. After several conversations describing sexual activities that the man wanted to engage in with the girl, a meeting was arranged. When the adult male appeared for the meeting, he was arrested and charged with importuning. In considering the First Amendment challenge, the Snyder court stated:
"Our second inquiry then becomes whether R.C. 2907.07(E)(2) can be authoritatively construed so as to apply only to unprotected speech. We believe that the statute can be construed in such a way. In examining the State's interest in enacting R.C. 2907.07(E)(2), we find that it is significantly compelling to justify restricting the type of speech regulated by the statute. An obvious purpose of the enactment of R.C.2907.07(E)(2) is to protect minors from the unlawful solicitation of sexual activity by adults. The United States Supreme Court has recognized that there is a compelling interest in protecting the physical and psychological well-being of minors, which extends to shielding minors from influences that are not obscene by adult standards. * * *
"In order to serve its interest and still withstand constitutional scrutiny, the State must choose the least restrictive means to accomplish the compelling interest. Sable Communications, 492 U.S. at 126. `It is not enough to show that the Government's ends are compelling; the means must be carefully tailored to achieve those ends.' Id.
"* * *
"Under the same logic of the Barrows case, R.C. 2907.07(E)(2) is a narrowly construed statute that only regulates speech not protected by the First Amendment. While R.C. 2907.07(E)(2) does apply to speech between an adult and a law enforcement officer who is only posing as a minor, the statute requires that the offender believe the other person he is soliciting is a person who is thirteen years of age or older but less than sixteen years of age. The solicitation required by the statute describes acts of communication. The restricted speech identifies `forms of conduct which may provide a predicate for criminal liability.' Foley,94 N.Y.2d at 679. R.C. 2907.07(E)(2) is `a preemptive strike against sexual abuse of children by creating criminal liability for conduct directed toward the ultimate acts of abuse.' Id.
"Therefore, the statute is narrowly tailored and does not have a `chilling effect' on speech because the offender would have to believe that he is soliciting a minor for sexual activity, a criminal act, before his conduct would be regulated by R.C. 2907.07(E)(2).
"Furthermore, R.C. 2907.07(E)(2) does not restrict any more conduct or speech than is necessary to achieve the interests of the State. The statute does not restrict speech about sex in general, nor does it restrict adults and minors from communicating about sex. The statute also does not restrict speech about adults engaging in sexual conduct with minors. The statute prohibits only speech which solicits minors to engage in illegal sexual activity with adults. Unlike the restrictions placed on speech by the CDA in the Reno case, R.C. 2907.07(E)(2) does not `lack the precision that the First Amendment requires when a statute regulates the content of speech.' Reno, 521 U.S. at 874. Therefore, we conclude that R.C. 2907.07(E)(2) is not overbroad and does not infringe onFirst Amendment rights." Snyder at ¶¶ 20-29.
 {¶ 8} Other appellate courts have also rejected the argument that R.C. 2907.07(D)(2) violates the First Amendment. State v. Tarbay,157 Ohio App.3d 261, 2004-Ohio-2721; State v. Turner,156 Ohio App.3d 177, 2004-Ohio-464; State v. Cearley, 12th Dist. No. CA2003-08-213, 2004-Ohio-4837.
 {¶ 9} Appellant cites Ashcroft v. The Free Speech Coalition
(2002), 535 U.S. 234, 152 L.Ed.2d 403, to support his argument that R.C. 2907.07(D)(2) is not narrowly tailored to meet the purported compelling state interest. In State v. Helle, 3rd Dist. No. 1-04-18, 2004-Ohio-4398, the Third Appellate District expressly rejected the argument that the Supreme Court's holding in Ashcroft renders R.C.2907.07(D)(2), then designated (E)(2), unconstitutional.
"The only constitutional argument posed by Helle that was not addressed by this court in the Snyder case is that R.C. 2907.07(E)(2) violates the principles of Ashcroft v. Free Speech Coalition (2002), 535 U.S. 234,122 S.Ct. 1389, 152 L.Ed.2d 403, by criminalizing actions which do not in fact harm children. * * * Helle attempts to compare R.C. 2907.07(E)(2) to the virtual child pornography which the Ashcroft court held was protected by the First Amendment. We find the Ashcroft case is distinguishable from the case sub judice.
"In Ashcroft, the principle question to be resolved by the Supreme Court was `whether the CPPA [Child Pornography Prevention Act of 1996] was constitutional where it proscribed a significant universe of speech that was neither obscene under Miller nor child pornography underFerber.' Id. at 240. In determining that the production and possession of sexually explicit images that appeared to depict minors but were actually produced without using real children was protected by theFirst Amendment, the Ashcroft court reasoned that absent from the actions prohibited by the CPPA was any `attempt, incitement, solicitation, or conspiracy.' Id. at 253. Rather, the Ashcroft court held that `the Government had shown no more than a remote connection between speech that might encourage thoughts or impulses and any resulting child abuse.' Id.
"It appears that the Ashcroft court did not extend its ruling to protect actions prohibited by R.C. 2907.07(E)(2) since the Court held that `the Government, of course, may punish adults who provide unsuitable materials to children * * * and it may enforce criminal penalties for unlawful solicitation.' Id. at 251-252. Since R.C. 2907.07(E)(2) governs the conduct of soliciting children to engage in sexual activity, and not the expression of ideas, it does not regulate free speech. State v.Anthony, 1st Dist. No. 030510, 2004-Ohio-3894. R.C. 2907.07(E)(2) requires a person to believe he is soliciting a minor for sexual activity. If the person so believes that he is soliciting a minor, he intends to violate the statute and his speech is not protected. The statute `does not regulate any type of protected speech as the CPPA attempted to do.' State v. Tarbay, 157 Ohio App.3d 261, 2004-Ohio-2721,810 N.E.2d 979, at P13. Therefore, the conduct governed by R.C.2907.07(E)(2) is readily distinguishable from the restricted conduct of producing or possessing pornography that involves only `virtual' images, such as that described in Ashcroft." Helle at ¶¶ 4-6. See, also, Cearley
at ¶¶ 12-13.
 {¶ 10} This Court agrees with the reasoning of the First, Third, and Twelfth Appellate Districts and finds that R.C. 2907.07(E)(2) is not facially invalid on First Amendment grounds.
 B. Commerce Clause {¶ 11} Appellant also argues that R.C. 2907.07(D)(2) violates the commerce clause because it "entails the application of Ohio law to acts which occur wholly outside the state and is at odds with the requirement of a uniform national treatment of cyberspace." This Court disagrees.
 {¶ 12} The First, Second, and Third Appellate Districts[1] have concluded that the importuning statute does not unduly interfere with interstate commerce, and we agree with their reasoning.
"When a state does impose a regulation that unduly burdens interstate commerce and impedes free trade, it may violate the Commerce Clause, but where the statute regulates evenhandedly to effectuate a legitimate local public interest, and its effects on interstate commerce are only incidental, it should be upheld unless the burden imposed is clearly excessive in relation to the putative local benefits. * * * If a legitimate local purpose is found, then the question becomes one of degree, and the extent of the burden that will be tolerated depends upon the nature of the local interest involved and on whether it could be promoted as well with a lesser impact on interstate activities. * * * InState v. Bolden, the Second Appellate District quoted with approval Hatchv. Superior Court of San Diego County: `While a ban on the simple communication of certain materials may interfere with an adult's legitimate rights, a ban on communication of specified matter to a minor for purposes of seduction can only affect the rights of the very narrow class of adults who intend to engage in sex with minors. We have found no case which gives such intentions or the communications employed in realizing them protection under the dormant commerce clause.' * * * TheBolden court concluded, `R.C. 2907.07(E)(2) regulates the conduct of adults who seek to solicit minors to engage in sexual activity in conversation by means of the Internet or other telecommunications devices. Since such conduct is not protected by the First Amendment and serves no meaningful purpose, R.C. 2907.07(E)(2) does not unduly interfere with interstate * * * commerce.' * * * The Bolden court concluded that Ohio has jurisdiction to prosecute crimes that are partially committed in the state and also where the object of the crime is located in Ohio." Anthony at ¶ 19.
 {¶ 13} This Court notes that in the present case, appellant relies onAmerican Libraries Assn. v. Pataki (S.D.N.Y., 1997), 969 F.Supp. 160, as did the defendants in Cunningham and Anthony. The First and Second Appellate Districts noted that the reliance by the defendant in Anthony
and Cunningham was misplaced because the plaintiffs in Pataki did not challenge the portions of the New York statute that prohibited adults from luring children into sexual contact by communicating with them on the internet. Appellant's reliance on Pataki is likewise misplaced.
 {¶ 14} Accordingly, appellant's sole assignment of error is overruled.
 III. {¶ 15} The decision of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Batchelder, J., Baird, J. Concur.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)
[1] See State v. Anthony, 1st Dist. No. C-030510, 2004-Ohio-3894, at ¶ 19, overruled on other grounds by State v. Cooper 1st Dist. No. C-030921, 2004-Ohio-6428; State v. Gross, 1st Dist. Nos. C-040196 
C-040208, 2004-Ohio-6997, at ¶ 16; State v. Cunningham, 2nd Dist. No. 2003 CA 17, 2004-Ohio-1935, at ¶ 46; Snyder at ¶ 32.