OPINION
{¶ 1} Defendant-Appellant, Thomas Steinau, appeals a judgment of the Greene County Common Pleas Court finding him guilty of two counts of Importuning, and sentencing him to five years of community control. Steinau asserts that the importuning statute is unconstitutional, because it is overbroad, because it criminalizes protected speech, because it punishes mere thought, and because it is under-inclusive. Finding that the law is constitutional in the particulars assigned and argued, we affirm the judgment of the trial court.
 {¶ 2} On October 25, 2004, Steinau began a series of internet chats with a detective of the Fairborn Police Department who was posing as a fourteen year old female. During those chats, Steinau solicited sexual activity from the detective.
 {¶ 3} Steinau was indicted on four counts of Importuning, in violation of R.C. § 2907.07(D). After the trial court overruled Steinau's motion to dismiss, he entered a no contest plea to two of the counts, pursuant to a negotiated plea agreement. The trial court found the defendant guilty, sentenced him to five years of community control and found him to be a sexually oriented offender.
 {¶ 4} Steinau now takes this timely appeal from the trial court's denial of his motion to dismiss, asserting one assignment of error.
 First Assignment of Error {¶ 5} A statute which regulates protected speech isunconstitutional. Ohio's Importuning statute regulates sexualexpression, which is protected speech under the First Amendment.Does Section (D)(2) of Ohio's Importuning statute impermissiblyregulate protected speech facially and as applied?
 Overbreadth {¶ 6} Steinau's sole assignment of error claims that R.C.2907.07(D)(2) is unconstitutional. This court has previously addressed the constitutionality of this statute in State v.Turner (2004), 156 Ohio App.3d 177, 2004-Ohio-464. Like the defendant in Turner, Steinau argues that the statute violates his right to free speech. In Turner, this court, adopting the reasoning of the Third District Court of Appeals in State v.Snyder (2003), 155 Ohio App.3d 453, 2003-Ohio-6399, distinguished between pure speech that is expressive of ideas and speech that is a part of conduct, such as solicitation. We found that this statute was not overbroad simply because no actual solicitation of a minor occurred. We reaffirm that position today.
 Protected Speech {¶ 7} Steinau also argues that R.C. § 2907.07(D)(2) is unconstitutional, both facially and as applied, because it infringes on protected speech; speech which is not obscene, fighting words or child pornography. The only Constitutional argument raised in this respect by Steinau, that was not addressed in the consideration of the overbreadth issue inTurner, is the argument that this statute violates the principles of Ashcroft v. Free Speech Coalition (2002),535 U.S. 234, by criminalizing actions that do not actually harm children.
 {¶ 8} In Ashcroft, the Supreme Court determined that the Child Pornography Prevention Act of 1996 was unconstitutional because the production and possession of sexually explicit images that appeared to depict minors, but were actually produced digitally without the use of real children was protected by the First Amendment.
 {¶ 9} Ashcroft is distinguishable from this case, however, because one of the bases of the Ashcroft decision was the absence of any "attempt, incitement, solicitation, or conspiracy." Id. at 253. The Ashcroft court expressly did not intend for the holding therein to be applied to a case such as this as evidenced by their statement: "[t]he Government, of course, may punish adults who provide unsuitable materials to children * * * and it may enforce criminal penalties for unlawful solicitation." Id. at 251-252.
 {¶ 10} Because R.C. § 2907.07(D)(2) applies only to the conduct of attempting to solicit children to engage in sexual activity, and has no application to the expression of ideas, it does not regulate free speech. See also: State v. Anthony,2004-Ohio-3894; State v. Tarbay (2004), 157 Ohio App.3d 261,2004-Ohio-2721; State v. Helle, 2004-Ohio-4398.
 Mere Thought {¶ 11} Steinau also contends that the statute is unconstitutional as applied, because it punishes "mere thought." This court has previously found, in a case that is nearly identical to Steinau's, that such a conviction is for proscribed conduct and not for "mere thought." State v. Burg,2004-Ohio-3666.
 Under-Inclusiveness {¶ 12} Finally, Steinau argues that the statute herein is unconstitutional because it does not prohibit all types of solicitation of minors, and it is therefore "under-inclusive." Steinau correctly observes that the statute does not criminalize a solicitation when the person posing as a child is not a law-enforcement officer, nor does it criminalize a 17 year old soliciting an adult police officer posing as a 13-15 year old.
 {¶ 13} Steinau has cited no authority in support of this proposition, and this court cannot find any. Because we have already held that this statute does not proscribe expressive speech, but instead proscribes conduct, we reject any idea that this statute is unconstitutional on First Amendment grounds because it is under-inclusive.
 {¶ 14} "Under-inclusiveness" can also be the basis for an equal protection claim; however, that claim must fail herein as well for the reasons set forth in Snyder. There, the court pointed out that "`* * * a legislative distinction need only be created in such manner as to bear a rational relationship to a legitimate state interest * * * [and] that a [high] level of scrutiny need only be used when a suspect class or fundamental constitutional right is involved. * * * [Also] sex offenders are not considered a suspect class." Snyder, 155 Ohio App.3d at paragraph 43, quoting Cutshall v. Sundquist (C.A. 6, 1999),193 F.3d 466, 482.
 {¶ 15} Since Steinau has not set forth any fundamental Constitutional right implicated hereby other than the First Amendment right that we reject, we must give substantial deference to the General Assembly's determination as to what conduct to proscribe, and we must conclude that the General Assembly had a rational basis for creating the distinctions addressed herein
 {¶ 16} Therefore, for the reasons stated, we overrule the Appellant's sole Assignment of Error and affirm the judgment of the trial court.
Grady, P.J., and Wolff, J. concur.
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).