[Cite as *State v. Kent*, 2013-Ohio-2461.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 98863

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## WAYMAN D. KENT

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-558388

**BEFORE:**   Boyle, P.J., Rocco, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**   June 13, 2013

**ATTORNEY FOR APPELLANT**

Susan J. Moran
55 Public Square
Suite 1616
Cleveland, Ohio   44113-1901

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Alison Foy
Assistant County Prosecutor
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, P.J.:

{¶1} Defendant-appellant, Wayman Kent, appeals his conviction, raising two assignments of error:

> I. The state failed to present sufficient evidence of the offense of importuning.

> II. Appellant's conviction is against the manifest weight of the evidence.

{¶2} Finding no merit to the appeal, we affirm.

## Procedural History and Facts

{¶3} Kent was indicted on one count of importuning, in violation of R.C. 2907.07. He pleaded not guilty to the charge, and the matter proceeded to a bench trial. The facts presented at trial are as follows.

{¶4} In October 2010, T.C. met Kent through Cleveland Raven — a social chat line for people 18 years and older. T.C. first told Kent that she was 18 but later confessed that she was only 15 years old. According to T.C., the two talked approximately five times a week for about three weeks before they decided to meet each other.

{¶5} On November 2, 2010, T.C. left her home in Highland Heights and took the bus to the Berea Children's Home on East 30th Street and Carnegie Avenue for an appointment. Prior to going to her appointment, T.C. met Kent at a nearby McDonald's restaurant. They hugged, talked briefly, and then T.C. left for her appointment but agreed to return after her appointment.

{¶6}  Three hours later, around 6:00 p.m., T.C. returned.   They ate at McDonald's and eventually left to go to Kent's apartment where T.C. believed they would "watch T.V. [and] chill."   T.C. testified that they took the bus to the Maple [Heights] station on Warrensville Center Road and then walked to the Sunnyslope apartments, where Kent ultimately led her to a public laundry room.   Kent opened the door and told T.C. to come inside.   T.C. further testified that Kent repeatedly told her to "come on."   T.C. responded by saying "no" but then walked into the laundry room.   At trial, she explained what happened next as follows:

> He closed the door, and he like, "Come on."   I said, "Come on where?" He say, "We about to fuck."   I say, "No, we not."   He said, "Why you acting childish and shit?"   I said, "I don't want to fuck you."   He said, "why you wasting my time and shit?   I got to go to work."   I said, "Then go."   Like he was just yellin' repeating the same stuff.   I was like, "Can I leave now?"   And he was like, "Yeah."

{¶7}  T.C. then left.   Prior to going home, T.C. called her mother from a CVS near her home and told her that she "had almost been raped."   T.C.'s mother picked her up and made a report to the police.

{¶8} The trial judge found Kent guilty of the single charge of importuning and sentenced him to 11 months in prison.   This appeal now follows.

## Sufficiency of the Evidence

{¶9}  In his first assignment of error, Kent argues that the state failed to present sufficient evidence to support a conviction for importuning.

{¶10} When an appellate court reviews a record upon a sufficiency challenge, "'the relevant inquiry is whether, after viewing the evidence in a light most favorable to the

prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 77, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶11} Thus, the state had to present sufficient evidence on the elements of importuning, such that the trier of fact could find Kent guilty of the offense beyond a reasonable doubt.

{¶12} Importuning under R.C. 2907.07(B)(1) states that

[n]o person shall solicit another, not the spouse of the offender, to engage in sexual conduct with the offender, when the offender is eighteen years of age or older and four or more years older than the other person, and the other person is thirteen years of age or older but less than sixteen years of age, whether or not the offender knows the age of the other person.

{¶13} Kent argues that the state failed to present sufficient evidence of the element of solicitation. Relying on the Merriam-Webster's online dictionary, Kent contends that the definition of "solicit" requires, at the very minimum, that one "is asking for something." He further contends that Ohio law does not criminalize the discussion of sex; instead "'the harm is in the asking.'" *State v. Tarbay*, 157 Ohio App.3d 261, 2004-Ohio-2721, 810 N.E.2d 979, ¶ 17 (1st Dist.), quoting *State v. Bolden*, 2d Dist. No. 19943, 2004-Ohio-2315, ¶ 37. According to Kent, the evidence of him saying "[w]e

about to fuck" is a declaration and insufficient to establish the element of solicitation. We find Kent's arguments to lack merit.

{¶14} Ohio's jury instructions for importuning defines the solicitation element as follows: "'Solicited' means to seek, to ask, to influence, to invite, to tempt, to lead on, or to bring pressure to bear." 2 *Ohio Jury Instructions*, Section 507.07(2) (2006). Relying on this definition, Ohio courts have recognized that "for the purposes of the importuning statute, solicit does not simply mean to ask" — it is also satisfied by proving the other terms contained in the definition. *State v. Barnett*, 3d Dist. No. 6-12-03, 2012-Ohio-3748, ¶ 23, citing *State v. Jain*, 3d Dist. No. 2-09-25, 2010-Ohio-1712, ¶ 12. *See also State v. Moore*, 8th Dist. No. 83692, 2004-Ohio-5732, ¶ 18 (recognizing that the term "solicit" is defined as "to seek, to ask, to influence, to invite, to tempt, to lead on, to bring pressure to bear"). Thus, even in the absence of evidence that the defendant "asked" the minor to engage in sexual activity, a defendant may still be found guilty of importuning under R.C. 2907.07 if there is evidence that the defendant sought, influenced, invited, tempted, led, or pressured the victim to engage in sexual activity.

{¶15} The totality of the circumstances negates any claim that Kent was merely discussing sex with T.C. To the contrary, the circumstances clearly reveal that Kent's actions, coupled with his statements, satisfied the solicitation element of importuning. Kent led T.C. to a vacant laundry room. T.C. testified that she was reluctant to enter but ultimately caved upon Kent's repeated command to "come on." Once inside, Kent again stated "come on." At that point, T.C. asked, "come on where," to which Kent responded,

"we about to fuck."  Although Kent's statement was not an eloquent request to have sex with T.C., it clearly was intended for that purpose.  Kent's reaction to T.C.'s refusal of that request is also very telling.  But even if Kent's statements are not construed as a request to engage in sexual activity, they evidence that Kent was seeking, influencing, inviting, or pressuring T.C. to engage in sexual activity.  *See Barnett* at ¶ 23.  Thus, the state presented sufficient evidence of the solicitation element.

**{¶16}** The first assignment of error is overruled.

## Manifest Weight of the Evidence

**{¶17}** In his second assignment of error, Kent argues that his conviction is against the manifest weight of the evidence.  He argues that T.C. was not credible.

**{¶18}** In contrast to a sufficiency argument, a manifest weight challenge questions whether the state met its burden of persuasion.  *State v. Bowden*, 8th Dist. No. 92266, 2009-Ohio-3598, ¶ 12.  When reviewing a claim challenging the manifest weight of the evidence, "the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony."  *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).  After reviewing the entire record, the reviewing court

> must weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*Id.*

**{¶19}** In support of his claim that T.C. was not credible, Kent points to several admitted lies that T.C. made, namely, (1) she lied about being 18 to use the Raven chat line; (2) she initially lied to Kent and told him that she was 18; (3) she lied about not seeing a photograph of Kent before meeting him; and (4) she lied about telling her mother that she almost got raped.   Kent argues that these lies rendered T.C. totally unreliable as a witness.   He further contends that T.C. "manufactured the allegations against [him] in an attempt to avoid punishment from her mother."

**{¶20}** While we acknowledge that T.C. lied about her age, we cannot agree with Kent's other characterization of T.C.'s testimony as lies.   T.C.'s telling her mother that she "almost got raped" was T.C.'s apparent belief under the circumstances.   Further, T.C. not recalling whether she saw Kent's Facebook photograph prior to meeting him appeared to be a mere lapse of memory.   But regardless, even if these four instances are treated as lies, the trial judge heard T.C.'s testimony and was in the best position to weigh her credibility, including the fact that T.C. apparently disregarded her mother's instructions by being out so late.   This is not the exceptional case where the factfinder clearly lost its way.

**{¶21}** The second assignment of error is overrruled.

**{¶22}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY J. BOYLE, PRESIDING JUDGE

KENNETH A. ROCCO, J., and
MARY EILEEN KILBANE, J., CONCUR