OPINION
{¶ 1} Detective Bobby Grizzard of the Massillon Police Department is a member of the Internet Crimes Against Children task force, formed to protect children from internet predators. On June 29, 2004, while in a chat room called "I Love Older Men," Detective Grizzard, posing as a fourteen year old girl named "Toniibeth," was contacted by "Jellyman4U." Conversations were sexual in nature with Jellyman4U indicating he was interested in engaging in sexual conduct with Toniibeth.
 {¶ 2} Jellyman4U and Toniibeth agreed to meet on August 13, 2004 at a McDonald's in Massillon. Jelltman4U explained he would be driving a large white van. On the day in question, police officers set up surveillance and sent a decoy into the restaurant. A white van drove into McDonald's and backed into a parking space. Police officers moved in and arrested the driver, appellant, Michael Bower.
 {¶ 3} On October 5, 2004, the Stark County Grand Jury indicted appellant on one count of attempted unlawful sexual conduct with a minor in violation of R.C. 2923.02(A) and R.C.2907.04 and one count of importuning in violation of R.C.2907.07(D)(2). A jury trial commenced on December 9, 2004. The jury found appellant guilty as charged. By judgment entry filed December 21, 2004, the trial court sentenced appellant to eighteen months on the attempt charge and six months on the importuning charge, to be served consecutively. The trial court also classified appellant as a sexually-oriented offender.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I {¶ 6} Appellant claims his conviction was against the manifest weight of the evidence. We disagree.
 {¶ 7} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Martin (1983), 20 Ohio App.3d 172, 175. See also,State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 8} Appellant was convicted of attempted unlawful sexual conduct with a minor in violation of R.C. 2923.02(A) and R.C.2907.04(A) which state the following, respectively:
 {¶ 9} "No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense.
 {¶ 10} "No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard."
 {¶ 11} Appellant was also convicted of importuning in violation of R.C. 2907.07(D)(2) which states the following:
 {¶ 12} "No person shall solicit another by means of a telecommunications device, as defined in section 2913.01 of the Revised Code, to engage in sexual activity with the offender when the offender is eighteen years of age or older and either of the following applies:
 {¶ 13} "The other person is a law enforcement officer posing as a person who is thirteen years of age or older but less than sixteen years of age, the offender believes that the other person is thirteen years of age or older but less than sixteen years of age or is reckless in that regard, and the offender is four or more years older than the age the law enforcement officer assumes in posing as the person who is thirteen years of age or older but less than sixteen years of age."
 {¶ 14} Specifically, appellant argues the evidence does not support the fact that he did anything to constitute a "substantial step in a course of conduct planned to culminate in the commission of a crime" to wit: unlawful sexual conduct with a minor. Appellant's Brief at 4. Appellant argues the only act witnessed by the police at the time of his arrest was his backing his vehicle into a parking space at McDonald's near the exit onto Lincoln Way. He argues this activity is insufficient to establish "conduct" which if successful would constitute an offense. Appellant also argues his internet exchanges with Toniibeth were inconsistent and did not "convey that Appellant did solicit `Toniibeth' to engage in any sexual conduct." Id. at 5.
 {¶ 15} From June to August, 2004, Detective Grizzard posed as a fourteen year old girl named "Toniibeth" in an internet chat room called "I Love Older Men." T. at 109-110. A message was sent from an individual using the screen name of "Jellyman4U." T. at 110. Jellyman4U told Toniibeth he was forty-seven years old and liked "younger chicks," "over 14 or 14." T. at 151-153. In a prior exchange with Detective Grizzard involving another profile, Jellyman4U identified himself as "Mike" and sent a photograph of himself. T. at 117, 154. Jellyman4U engaged in numerous internet chats with Toniibeth wherein he wrote that "he likes to lick a lot" with girls Toniibeth's age or younger and he likes kisses and hugs. T. at 154. He explained he was looking for "a daddy's type girl." T. at 155.
 {¶ 16} The majority of the conversations between Jellyman4U and Toniibeth were sexual in nature. T. at 157. Jellyman4U told Toniibeth he would "kiss you all over and lick a few special places" including between her legs. T. at 159. He wrote "get me really hot and I might want to do it with you three to five times a day." T. at 161. He wanted to "kiss you all over" and "taste your love." T. at 162.
 {¶ 17} A telephone contact was made between Jellyman4U and a police woman posing as Toniibeth. T. at 170. Thereafter, Jellyman4U emailed Toniibeth and wrote "you have the cutest giggle, wow, that's something special I've been looking for in a sweetie." Id. A meeting was set up at McDonald's for Friday, August 13, 2004 after Jellyman4U indicated he would "kiss kiss, you sweetie" and wanted to "69" which was "like licking my privates and me licking yours." T. at 171, 172. He wrote "mmm" and "yum, yum." T. at 172.
 {¶ 18} Appellant appeared at McDonald's, in a van Jellyman4U described on the internet, at the specific time that was chosen. T. at 172.
 {¶ 19} It is clear from the chat room dialogue that appellant was priming the recipient, "Toniibeth," for a sexual encounter. He established he wanted to perform cunnilingus and fellatio with Toniibeth for the purpose of engaging in sexual conduct with her.
 {¶ 20} As our brethren from the Second District explained inState v. Schaefer, 155 Ohio App.3d 448, 2003-Ohio-6538, ¶ 14:
 {¶ 21} "Likewise, defendant in this case clearly believed that the person from whom he had solicited sex on the Internet was a 14-year-old girl and that she would meet him for that purpose at a specific location in Brookville. Defendant drove from Troy to Brookville for that meeting. Defendant's trip to Brookville on the date and time planned for their meeting was a substantial step in a course of conduct planned to culminate in his commission of the offense and was strongly corroborative of defendant's criminal purpose." See also, State v. Tarbay,157 Ohio App.3d 261, 2004-Ohio-2721.
 {¶ 22} There was sufficient evidence of appellant's actions to establish conduct that if he had not been arrested, would have resulted in unlawful sexual conduct with a minor. All of appellant's actions were geared to setting up a meeting with a fourteen year old girl for the purpose of engaging in sex conduct. This is no different than an undercover officer posing as a prostitute and warning "Johns" once and then arresting them.
 {¶ 23} Upon review, we find no manifest miscarriage of justice.
 {¶ 24} The sole assignment of error is denied.
 {¶ 25} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
Farmer, J., Hoffman, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.