OPINION
{¶ 1} Defendant-appellant, Craig Cearley, appeals his conviction in the Butler County Court of Common Pleas for importuning.
 {¶ 2} On October 22, 2002, Detective Mark Hays of the Pornography and Child Exploitation Unit of the Hamilton Police Department was online, posing as a 14-year-old girl named "catie14_cincy." An individual, using the name of "rockitman500" and later identified as appellant, initiated a conversation. Appellant described himself as a white 20-year-old "muscular hot" man from Hamilton, who was 5'9" tall and weighed 185 pounds. Later during their conversation, appellant claimed that he had brown hair and that he lived in Oxford or on the west side of Hamilton. During the conversation, appellant asked catie14_cincy whether she would ever "go hookup and do some doggy style with a hot dud." When catie14_cincy replied she might, appellant asked her to meet him for sex.[1] The two eventually arranged to meet that afternoon at Arby's. They initially agreed to meet at 5:30 p.m. but eventually changed the time to 5:15 p.m. Appellant told catie14_cincy that he would be driving a black and silver 4x4 truck.
 {¶ 3} Detective Hays recruited the assistance of Detective Paul Davis and a police officer, and all three drove separately to Arby's to set up surveillance. The two detectives were both in plain clothes and driving unmarked cars. Det. Hays was at Arby's no later than 5:10 p.m. Shortly after 5:30 p.m., Det. Hays observed a black and silver 4x4 pickup truck pull into Arby's parking lot. The detective noticed that the driver was wearing an orange shirt. The detective testified that during surveillance, he did not notice any other black and silver 4x4 truck drive by or into Arby's parking lot. The detective temporarily lost sight of the pickup truck. When he located it again, the driver was gone. While driving on the parking lot, Det. Hays observed the driver exit Arby's from the opposite side from where the truck was parked.
 {¶ 4} Det. Hays then noticed two 14-year-old girls walking toward Arby's. The driver was walking in their direction. The driver then noticed Det. Hays who was talking on his radio. The driver immediately changed his direction and the detective, once again, lost sight of him. Shortly after, the detective observed the black and silver pickup truck exit Arby's. Det. Hays followed the truck until it pulled over in the parking lot of an apartment complex. Det. Davis arrived there shortly after. The driver, who was by then identified as appellant, was placed in the back of a police cruiser. He was subsequently arrested after Det. Davis told Det. Hays how he had observed appellant walk toward the two juvenile girls before suddenly turning and running to his pickup truck.
 {¶ 5} Appellant was indicted in November 2002 on one count of attempted unlawful sexual conduct with a minor and one count of importuning. Appellant moved to dismiss both counts but the trial court overruled his motion. Appellant also moved to suppress all evidence stemming from his arrest. On February 10, 2003, following a hearing on the motion, the trial court overruled the motion on the ground that Det. Hays had probable cause to arrest appellant. Pursuant to a plea agreement, appellant subsequently pled no contest to one count of importuning in violation of R.C.2907.07(E)(2). Appellant was sentenced to five years of community control and was found to be a sexually oriented offender. This appeal follows in which appellant raises three assignments of error.
 {¶ 6} In his first assignment of error, appellant argues the trial court erred by denying his motion to suppress. Appellant contends Det. Hays lacked probable cause to arrest him.
 {¶ 7} In reviewing a trial court's decision on a motion to suppress, an appellate court must accept the trial court's factual findings if they are supported by competent, credible evidence. State v. Anderson (1995), 100 Ohio App.3d 688, 691. However, an appellate court independently determines without deference to the trial court whether the court applied the appropriate legal standard to the facts. Id.
 {¶ 8} To make a warrantless arrest, a police officer must have, at the time of the arrest, probable cause to believe the accused committed a felony. State v. Timson (1974),38 Ohio St.2d 122, paragraph one of the syllabus. Probable cause to arrest exists when the officer has sufficient information, derived from his own knowledge or a trustworthy source, that would lead a prudent person to believe the accused committed the felony. State v. Bird, Butler App. No. CA2002-05-106, 2003-Ohio-2541, ¶ 21. Information need not unequivocally establish the accused's involvement, but must only show a probability or substantial chance that he engaged in criminal activity. Id. at ¶ 20. When determining whether probable cause to arrest exists, a court reviews the totality of facts and circumstances surrounding the arrest. State v. Henderson,
Warren App. Nos. CA2002-08-075 and CA2002-08-076, 2003-Ohio-1617, ¶ 24.
 {¶ 9} The issue in this case is whether the physical description given to catie14_cincy by rockitman500 as a white male with brown hair, 5'9" tall and weighing 185 pounds, and the description of rockitman500's car as a black and silver 4x4 truck, combined with the arrival on Arby's parking lot, the arranged meeting place, of a black and silver 4x4 pickup truck, near the time of the arranged meeting, and appellant's action in walking toward two 14-year-old girls before suddenly running back to his truck once he spotted Det. Hays gave probable cause to Det. Hays to arrest appellant as the individual who, under the name of rockitman500, solicited sex from catie14_cincy. We find, that under the totality of the circumstances, these facts provided Det. Hays with probable cause to arrest appellant.
 {¶ 10} Det. Hays testified that although he generally takes identifying information with a "grain of salt," he placed a lot of credibility on the physical description provided by rockitman500 because that was how rockitman500 initiated the conversation. As the detective explained, "[t]he first line was rather lengthy, and looked like something he had typed up previously," and then copied and pasted "into the instant message box." When arrested, appellant fit rockitman500's physical description. With regard to rockitman500's description of the car to look for at Arby's, Det. Hays testified that based upon his experience, vehicle descriptions given by offenders are usually accurate "because they want the girl that they are supposed to meet to be able to find them." As previously noted, other than appellant's car, Det. Hays did not notice any other black and silver 4x4 truck drive by or into Arby's parking lot.
 {¶ 11} We therefore find that the trial court did not err by denying appellant's motion to suppress. Appellant's first assignment of error is overruled.
 {¶ 12} In his second and third assignments of error, appellant argues that the trial court erred by denying his motion to dismiss the importuning count of the indictment. Specifically, in his second assignment of error, appellant argues that R.C.2907.07(E)(2)[2] is unconstitutional on its face because it violates his right to free speech by attempting "to prohibit the mere request for sexual activity between two consenting adults, when one adult's image is that of a `virtual child.'" Appellant claims that R.C. 2907.07(E)(2) violates the principles ofAshcroft v. Free Speech Coalition (2002), 535 U.S. 234,122 S.Ct. 1389, by criminalizing actions which do not in fact harm children. Appellant attempts to compare R.C. 2907.07(E)(2) to the virtual child pornography which the Ashcroft court held was protected by the First Amendment.
 {¶ 13} A challenge to the constitutionality of R.C.2907.07(E)(2) on free speech grounds was considered and rejected in a detailed and lengthy analysis by the Third Appellate District inState v. Snyder, 155 Ohio App.3d 453,2003-Ohio-6399. See, also, State v. Tarbay,157 Ohio App.3d 261,2004-Ohio-2721, and State v. Turner,156 Ohio App.3d 177,2004-Ohio-464. Likewise, appellant's argument that R.C.2907.07(E)(2) violates the principles of Ashcroft was specifically rejected by the Third Appellate District in Statev. Helle, Allen App. No. 1-04-18, 2004-Ohio-4398; see, also,Tarbay, and State v. Anthony, Hamilton App. No. C-030510, 2004-Ohio-3894. We therefore find that R.C. 2907.07(E)(2) is constitutional on its face and does not violate free speech rights. Appellant's second assignment of error is overruled.
 {¶ 14} In his third assignment of error, appellant argues that R.C. 2907.07(E)(2) is unconstitutional as applied because it violates his free speech rights by punishing mere thought. According to appellant, "[s]ince no child ever participated in these communications, this case only involves the Defendant expressing his ideas to another consenting adult." However, inTarbay, the First Appellate District rejected a similar argument as follows:
 {¶ 15} "R.C. 2907.07(E)(2) criminalizes only the solicitation of a minor, or someone the offender believes to be a minor, to engage in illegal sexual activity with an adult. Tarbay was not convicted of importuning because he was thinking about having sex with a minor; he was convicted for his intent to solicit a person he believed to be a minor to engage in sex acts with him. `The harm is in the asking,' not the discussion of it. [quoting Statev. Bolden, Montgomery App. No. 19943, 2004-Ohio-2315, ¶ 37] In sum, we reiterate that there is simply `[no] First Amendment right to attempt to persuade minors to engage in illegal sex acts.'" Tarbay, 157 Ohio App.3d 261, 2004-Ohio-2721, at ¶ 17.
 {¶ 16} We therefore find that R.C. 2907.07(E)(2) is not unconstitutional as applied on First Amendment grounds. Appellant's third assignment of error is overruled.
Judgment affirmed.
Powell and Walsh, JJ., Concur.
[1] The record reveals that appellant believed he was conversing with a 14-year-old girl and, despite such knowledge, pursued a sexual encounter with the girl.
[2] R.C. 2907.07(E)(2), which has now been renumbered R.C.2907.07(D)(2), provides that "[n]o person shall solicit another by means of a telecommunications device, as defined in [R.C.] 2913.01, to engage in sexual activity with the offender when the offender is eighteen years of age or older and * * * [t]he other person is a law enforcement officer posing as a person who is thirteen years of age or older but less than sixteen years of age, the offender believes that the other person is thirteen years of age or older but less than sixteen years of age or is reckless in that regard, and the offender is four or more years older than the age the law enforcement officer assumes in posing as the person who is thirteen years of age or older but less than sixteen years of age."