OPINION
{¶ 1} Defendant-appellant, David M. Worst, appeals his conviction and sentence in the Butler County Court of Common Pleas for importuning and attempted unlawful sexual conduct with a minor.
 {¶ 2} On November 17, 2003, Detective Mark Hayes of the Pornography and Child Exploitation Unit of the Hamilton Police Department was online, posing as a 14-year-old female to investigate persons who use the internet to solicit children for sexual activity. Detective Hayes was using the screen name, "andi_girl_14." A person using the screen name, "dmw2746," who was later identified as appellant, contacted andi_girl_14 via "instant" or "private" message.
 {¶ 3} Appellant communicated with andi_girl_14 on several occasions between November 17, 2003 and December 19, 2003, soliciting "her" to engage in vaginal intercourse, fellatio, and cunnilingus with him. During that time, appellant provided identifying information to andi_girl_14, including, but not limited to, his name in an e-mail, his age and his area of residence. Appellant also sent several off-line messages to andi_girl_14 between December 1, 2003 and December 18, 2003.
 {¶ 4} During the course of their communications, appellant and andi_girl_14 exchanged photographs by way of e-mail. Appellant sent a photograph of himself to andi_girl_14, and Detective Hayes, posing as andi_girl_14_, sent a photograph of an actual 14-year-old female to appellant. Additionally, Hamilton Police Officer Goldie Robinson, while posing as andi_girl_14, telephoned appellant, as appellant had requested of andi_girl_14. Their conversation was recorded.
 {¶ 5} On December 19, 2003, appellant suggested a meeting between himself and andi_girl_14, and the two arranged to meet on that date. The meeting was to occur at the Arby's restaurant in the city of Hamilton, in Butler County, Ohio. Appellant indicated that he would arrive at this location at 6:30 p.m. on December 19, 2003 in a jeep, and that the purpose of the meeting was to "fuck tonight."
 {¶ 6} On December 19, 2003, appellant arrived at Arby's in a jeep and drove around the restaurant. He then drove to the apartment complex where andi_girl_14 had indicated she lived. Appellant was arrested at the 1000th block of N.W. Washington Blvd., in Hamilton.
 {¶ 7} Upon being arrested, appellant was transported to the Hamilton Police Department, where he was advised of his Miranda
rights. After executing a written waiver of his Miranda rights, appellant gave a written statement to Detective Hayes, in which he admitted using the screen name, dmw2746. Appellant also admitted that he had been chatting with andi_girl_14 and that he thought andi_girl_14 was a 14-year-old child. He further admitted to talking with andi_girl_14 about having sex at his apartment that night. Appellant told Detective Hayes that his date of birth was January 25, 1979.
 {¶ 8} On March 3, 2004, appellant was indicted by the Butler County Grand Jury on one court of importuning in violation of R.C. 2907.07(D)(2),[1] and one count of attempted unlawful sexual conduct with a minor in violation of R.C. 2923.02(A) and2907.04(A).[2] Both offenses are felonies of the fifth degree. Appellant entered a plea of not guilty to the charges.
 {¶ 9} On May 25, 2004, appellant moved to dismiss the indictment against him on numerous grounds, including that R.C.2907.07(D)(2) violates the First and Fourteenth Amendments to the United States Constitution and their counterparts in the Ohio Constitution, as well as the Commerce Clause of the United States Constitution. The trial court overruled appellant's motion.
 {¶ 10} On August 30, 2004, appellant was tried to the court on the charges in the indictment. The parties stipulated to the facts set forth above. The trial court found appellant guilty as charged, based on the stipulated facts.
 {¶ 11} At appellant's dispositional hearing, the trial court classified appellant as a "sexually oriented offender," after finding the classifications of "sexual predator" and "habitual sexual offender" to be inapplicable. Appellant then moved to have the trial court declare the registration requirements of R.C.2950.04 through 2950.06 unconstitutional as applied to sexually-oriented offenders, on the grounds that they violated the Equal Protection and Due Process Clauses of the United States and Ohio Constitutions. In support of his motion, appellant relied on the First District Court of Appeals' decisions inState v. Boeddeker (Feb. 13, 1998), Hamilton App. No. C-970471, and State v. Anthony, Hamilton App. No. C-030510,2004-Ohio-3894. Appellant also moved to have the trial court declare R.C. 2950.031[3] unconstitutional "on the basis of [the] same argument" he made with respect to the registration requirements, again, citing Boedekker and Anthony in support.
 {¶ 12} The trial court overruled appellant's motions to declare the registration requirements of R.C. 2950.04 through2950.06, and the residency restriction of R.C. 2950.031, unconstitutional as applied to sexually-oriented offenders. The trial court then sentenced appellant to serve three years community control and fined him $500 on each count. The trial court ordered appellant to comply with the registration requirements applicable to sexually-oriented offenders, and ordered him not to establish or occupy a residence within 1,000 feet of any school premises. The trial court stayed the registration requirement and the residency restriction, pending the determination of appellant's appeal.
 {¶ 13} Appellant now appeals from his conviction and sentence, raising five assignments of error, which we shall address in an order that facilitates our analysis.
 {¶ 14} Assignment of Error No. 1:
 {¶ 15} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY OVERRULING HIS MOTION TO DISMISS THE SEXUAL OFFENDER CLASSIFICATION PROCEEDINGS, IN DESIGNATING APPELLANT A SEXUALLY ORIENTED OFFENDER, AND REQUIRING APPELLANT HIM [sic] TO FULFILL THE REPORTING REQUIREMENTS OF R.C. 2950.01 ET SEQ., IN VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS OF LAW UNDER THEFOURTEENTH AMENDMENT, HIS RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT UNDER THE EIGHTH AMENDMENT, U.S. CONSTITUTION, AND IN VIOLATION OF HIS RIGHT TO BE FREE FROM EX POST FACTO LAWS UNDER ART. I, § 10 OF THE U.S. CONSTITUTION, AND ART. II, § 28 OF THE OHIO CONSTITUTION."
 {¶ 16} Appellant argues that the trial court erred in overruling his motion to declare the registration requirements of R.C. 2950.04 through 2950.06 unconstitutional as applied to sexually-oriented offenders on the grounds that they violate the Equal Protection and Due Process Clauses of the United States and Ohio Constitutions. We disagree with this argument.
 {¶ 17} The trial court classified appellant as a sexually-oriented offender. "A sexually oriented offender is a person who has committed a `sexually oriented offense' as defined in R.C. 2950.01(D), and does not meet the definition of either a habitual sex offender or sexual predator." State v. Williams,88 Ohio St.3d 513, 519, 2000-Ohio-428. R.C. 2950.01(D)(1) defines a sexually-oriented offense to include the offense of importuning in violation of R.C. 2907.07, when committed by a person 18 years of age or older, regardless of the age of the victim of the offense. A sexually-oriented offender who has not been adjudicated a sexual predator or habitual sexual offender is required to register and annually verify, for a period of ten years, his or her whereabouts with the sheriff in the county in which the offender resides. See R.C. 2950.04, 2950.06(B)(2), and2950.07(B)(3).
 {¶ 18} In State v. Boeddeker, Hamilton App. No. C-970471, the court found that "the registration requirements of R.C.2950.04 through 2950.04 are unconstitutional as applied to sexually oriented offenders." In arriving at its decision, the court found that because "a sexually oriented offender is, by definition, unlikely to commit another sexually oriented offense, then application of the registration requirement to that offender bears no rational relationship to the state's interest in preventing future sex offenses and does not advance the legislature's stated aims of protecting the public and aiding law enforcement." Therefore, the court concluded, the registration requirements are unconstitutional as applied to sexually-oriented offenders.
 {¶ 19} The Boedekker court could not provide the defendant in that case with the relief he had requested because there was no registration order in the sentencing court's judgment entry. Nevertheless, the First District Court of Appeals later followed the principle enunciated in Boedekker, in State v. Anthony,2004-Ohio-3894, and vacated the portion of the sentencing order requiring the defendant in that case to register with the sheriff in his county of residence as a sexually-oriented offender.
 {¶ 20} Appellant cites Anthony in support of his claim that the registration requirements for sexually-oriented offenders violate the Equal Protection and Due Process Clauses of the United States and Ohio Constitutions. However, as appellant himself acknowledges, the First District Court of Appeals overruled Anthony in State v. Cooper, Hamilton App. No. C-030921, 2004-Ohio-6428.
 {¶ 21} In Cooper, the court held that "once an individual is convicted of a sexually oriented offense, he is automatically classified as a sexually oriented offender and, as long as there is evidence of sexual motivation, he must comply with the registration requirements of R.C. 2950.04 through 2950.07." Id. at ¶ 21.
 {¶ 22} This court followed Cooper in State v. Meredith,
Warren App. No. CA2004-06-062, 2005-Ohio-2664. In Meredith, we held that the trial court did not err in ordering the defendant to register as a sexually-oriented offender pursuant to R.C. Chapter 2950, since "the registration requirements are not unconstitutional as applied to sexually-oriented offenders." Id. at ¶ 41. In support of our decision, we quoted Cooper, which stated, "`* * * the Ohio Supreme Court [has] repeatedly held that non-punitive measures such as registration are civil in nature and pass constitutional muster as a rational exercise of the state's police powers.'" Meredith at ¶ 41, quoting Cooper at ¶ 16, citing State v. Cook, 83 Ohio St.3d 404, 1998-Ohio-291.
 {¶ 23} In light of Cooper and Meredith, we hold that the trial court did not err in overruling appellant's motion to declare the registration requirements of R.C. 2950.04 through2950.06 unconstitutional as applied to sexually-oriented offenders.
 {¶ 24} Appellant also argues that the trial court committed plain error by requiring him to register as a sexually-oriented offender because the offense he was found to have committed is a presumptive registration-exempt sexually-oriented offense, pursuant to R.C. 2950.01(P)(1)(a). We disagree with this argument.
 {¶ 25} R.C. 2950.01(P) states, in pertinent part:
 {¶ 26} "`Presumptive registration-exempt sexually oriented offense' means any of the following sexually oriented offenses described in division (P)(1)(a), (b), (c), (d), or (e) of this section, when the offense is committed by a person who previously has not been convicted of, pleaded guilty to, or adjudicated a delinquent child for committing any sexually oriented offense described in division (P)(1)(a), (b), (c), (d), or (e) of this section, any other sexually oriented offense, or any child-victim oriented offense and when the victim or intended victim of the offense is eighteen years of age or older." (Emphasis added.)
 {¶ 27} In this case, appellant's "intended victim" was a 14-year-old female, identified by the screen name, "andi_girl_14," who was portrayed on line by Detective Hayes and on the telephone by Officer Robinson. Because appellant's intended victim was not 18 years of age or older, he did not commit a "presumptive registration-exempt sexually oriented offense," as defined in R.C. 2950.01(P)(1). Therefore, the trial court did not commit any error, plain or otherwise, in ordering him to register as a sexually-oriented offender.
 {¶ 28} Appellant's first assignment of error is overruled.
 {¶ 29} Assignment of Error No. 2:
 {¶ 30} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY OVERRULING HIS MOTION TO RULE R.C. 2950.031 AND REPORTING STATUTES UNCONSTITUTIONAL UNDER THE OHIO CONSTITUTION, AND THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION."
 {¶ 31} Appellant argues that the trial court erred in overruling his motion to declare R.C. 2950.031 unconstitutional. That section prohibits a person convicted of a sexually-oriented offense from establishing a residence or occupying residential premises within 1,000 feet of any school premises. See R.C.2950.031(A), and fn. 3. Specifically, appellant asserts that R.C.2950.031 "impinges upon the exercise of property rights specifically granted by the Ohio Constitution" and, therefore, is "unenforceable under both the Ohio and United States Constitutions."
 {¶ 32} However, appellant failed to raise in the trial court the specific argument that he is now raising on appeal. At appellant's dispositional hearing, appellant challenged the constitutionality of R.C. 2950.031 "on the basis of the same argument" that he had made regarding the constitutionality of the registration requirements. In support of both of those arguments, he relied on Boeddeker, Hamilton App. No. C-970471, andAnthony, 2004-Ohio-3894.
 {¶ 33} As previously indicated, Boedekker and Anthony
have been overruled. See Cooper, 2004-Ohio-6428. Consequently, appellant, who is aware of Cooper, is now challenging R.C.2950.031's constitutionality on a different ground, namely, that R.C. 2950.031 impinges upon the exercise of property rights guaranteed by the United States and Ohio Constitutions. Thus, appellant — without acknowledging that he is doing so — is presenting an argument under this assignment of error for the first time on appeal.
 {¶ 34} It is well-settled that when a party fails to bring an error to the trial court's attention at a time when the error could have been corrected or avoided altogether, the party will be deemed to have waived that error. State v. Awan (1986),22 Ohio St.3d 120, syllabus.
 {¶ 35} The waiver doctrine of Awan has been ruled to be "discretionary." In re M.D. (1988), 38 Ohio St.3d 149, syllabus. Furthermore, Crim.R. 52(B) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."
 {¶ 36} Nevertheless, we decline to recognize the error that appellant is attempting to raise in this assignment of error. Among other things, the record fails to show whether appellant has suffered an actual deprivation of his property rights by operation of R.C 2950.031, as there was no evidence presented to show that he owns or resides in property within 1,000 feet of any school premises.
 {¶ 37} Appellant's second assignment of error is overruled.
 {¶ 38} Assignment of Error No. 5:
 {¶ 39} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT'S RIGHT TO DUE PROCESS OF LAW UNDER THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUION AND ART. I, § 16 OF THE OHIO CONSTITUTION IN DENYING APPELLANT'S MOTION TO DISMISS THE INDICTMENT."
 {¶ 40} Appellant argues that the trial court erred in overruling his motion to dismiss count one of the indictment, charging him with importuning in violation of R.C. 2907.07(D)(2). He asserts that R.C. 2907.07(D)(2) is unconstitutional, both on its face and as applied, because it violates the Free Speech and Due Process Clauses of the First and Fourteenth Amendments to the United States Constitution, as well as their counterparts in the Ohio Constitution. He further asserts that R.C. 2907.07(D)(2) violates the Commerce Clause of the United States Constitution. We disagree with these arguments.
 {¶ 41} Preliminarily, we note that "[a]n enactment of the General Assembly is presumed to be constitutional, and before a court may declare it unconstitutional it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible." State v. Cook,83 Ohio St.3d 404, 409, 1998-Ohio-291. Because legislative enactments enjoy a presumption of constitutionality, "the courts must apply all presumptions and pertinent rules of construction so as to uphold, if at all possible, a statute or ordinance assailed as unconstitutional." State v. Dorso (1983), 4 Ohio St.3d 60, 61.
 {¶ 42} We further note that while appellant has argued that R.C. 2907.07(D)(2) is unconstitutional, both "on its face" and "as applied," his arguments all appear to involve facial, as opposed to "as applied" challenges to the statute's constitutionality. A statute or ordinance is invalid "on its face" when it is "unconstitutional in every conceivable application" or when "it seeks to prohibit such a broad range of protected conduct that it is unconstitutionally `overbroad.'"Members of City Council v. Taxpayers for Vincent (1984),466 U.S. 789, 796, 104 S.Ct. 2118, 2124. By contrast, an "as applied" challenge "contends that [a statute or ordinance] is unconstitutional `as applied' to the litigant's particular speech [or other] activity, even though the [statute or ordinance] may be capable of valid application to others." Regal Cinemas, Inc.v. Mayfield Hts. (2000), 137 Ohio App.3d 61, 72.
 {¶ 43} Here, appellant challenges R.C. 2907.07(D)(2)'s constitutionality either on grounds that it is unconstitutional in every conceivable application or on grounds that is overbroad. However, he does not appear to challenge the statute on grounds that it is unconstitutional as applied to the particular facts of this case.
 {¶ 44} Appellant raises numerous arguments under this assignment of error. First, he challenges R.C. 2907.07(D)(2) on the basis that it punishes mere "thought and speech." We find this argument unpersuasive. As one court has stated in rejecting this same argument:
 {¶ 45} "[T]he importuning statute does not prohibit an adult and child from communicating about sex, nor does it prevent two people, regardless of their age, from talking about sexual activity between a child and an adult. [Former] R.C.2907.07(E)(2) [now 2907.07(D)(2)] criminalizes only the solicitation of a minor, or someone the offender believes to be a minor, to engage in illegal sexual activity with an adult. [The defendant-appellant in this case] was not convicted of importuning because he was thinking about having sex with a minor; he was convicted for his intent to solicit a person he believed to be a minor to engage in sex acts with him. `[T]he harm is in the asking,' [footnote omitted] not the discussion of it. In sum, we reiterate that there is simply `[no]First Amendment right to attempt to persuade minors to engage inillegal sex acts.' [Footnote omitted.]" (Emphasis added.) Statev. Tarbay, 157 Ohio App.3d 261, 268, 2004-Ohio-2721, ¶ 17.
 {¶ 46} Appellant also asserts that R.C. 2907.07(D)(2) "criminalizes communications based on its content" and "[i]n that way, it is a classic infringement on the fundamental right of free speech." However, this court has already rejected a free speech challenge to the constitutionality of R.C. 2907.07(D)(2) in State v. Cearley, Butler App. No. CA2003-08-213,2004-Ohio-4837, and State v. Lobo, Butler App. No. CA2004-03-063, 2004-Ohio-5821. Relying primarily upon State v.Snyder, 155 Ohio App.3d 453, 2003-Ohio-6399, this court held inCearley that "[former] R.C. 2907.07(E)(2) [now 2907.07(D)(2)] is constitutional on its face and does not violate free speech rights." Cearley at ¶ 13. See, also, Lobo at ¶ 10. While theFirst Amendment protects "two adults communicating about and soliciting sexual activity[,]" Snyder, 155 Ohio App.3d at 462, it does not protect an adult who attempts to persuade a minor, or a person he believes to be a minor, to engage in sex acts with him. See Tarbay, 157 Ohio App.3d at 268.
 {¶ 47} Appellant also argues that R.C. 2907.07(D)(2) is unconstitutional because it is overbroad. However, this court, inLobo at ¶ 9, has already rejected the argument that former R.C.2907.07(E)(2), now 2907.07(D)(2), is unconstitutional on overbreadth grounds, relying primarily on the "detailed and lengthy analysis" of this issue contained in Snyder,155 Ohio App.3d at 461-466. We overrule appellant's claim that R.C.2907.07(D)(2) is overbroad for the same reasons stated inSnyder.
 {¶ 48} Appellant also argues under this assignment of error that R.C. 2907.07(D)(2) is unconstitutional because it is void for vagueness. We disagree with this argument.
 {¶ 49} "[T]o survive a void-for-vagueness challenge, the statute at issue must be written so that a person of common intelligence is able to determine what conduct is prohibited, and the statute must provide sufficient standards to prevent arbitrary and discriminatory enforcement." State v. Williams,88 Ohio St.3d 513, 532, 2000-Ohio-428. "A statute will not be declared void, however, merely because it could have been worded more precisely. * * * Mathematical precision has never been required." Id. Furthermore, facial vagueness challenges are "generally allowed only where the statute is vague in all its applications." Id. "This means that the statute does not supply a definitive standard by which to determine what conduct is included and what conduct is excluded." Id.
 {¶ 50} Other courts have rejected the claim that R.C.2907.07(D)(2) is void-for-vagueness. See Snyder,155 Ohio App.3d at 460-461, and State v. Turner, 156 Ohio App.3d 177,182-184, 2004-Ohio-464. As the Turner court stated, "we do not agree * * * that ordinary persons would fail to understand what conduct is prohibited [under R.C. 2907.07(D)(2)]. To the contrary, the statute clearly prohibits adults from using computers or computer networks to solicit minors of certain ages — or law enforcement personnel posing as such minors — for sexual activity." Turner, 156 Ohio App.3d at 184. For the reasons set forth in Snyder and Turner, we conclude that R.C.2907.07(D)(2) is not void for vagueness.
 {¶ 51} Appellant also argues that R.C. 2907.07(D)(2) violates the principles of Ashcroft v. Free Speech Coalition (2002), 535, U.S. 234, 122 S.Ct. 1389. We disagree with this argument. As was stated by the Tarbay court when it was faced with the same argument, in similar circumstances:
 {¶ 52} "Ashcroft is distinguishable from the case at bar. In Ashcroft, the court based its opinion on its view that certain provisions of the [Child Pornography Prevention Act of 1996] violated the First Amendment because they prohibited the dissemination of protected speech, i.e., the expression of ideas. Essentially, the court held that some `virtual child pornography' could be protected speech. Thus, unlike the provisions in Ashcroft, the importuning statute here is aimed not at preventing the expression of ideas but at `prohibiting adults from taking advantage of minors and the anonymity and ease of communicating through telecommunications devices, especially the Internet and instant messaging devices, by soliciting minors to engage in sexual activity.' [Footnote omitted.] [Former] R.C.2907.07(E)(2) [now 2907.07(D)(2)] regulates conduct — soliciting a child to engage in sex acts — that is not protected by theFirst Amendment. [Footnote omitted.] It does not regulate any type of protected speech as the CPPA attempted to do.
 {¶ 53} "Second, the rationale set forth by the government inAshcroft, that there was the attenuated potential at some unspecified time in the future that a hypothetical pedophile might use the material considered protected speech to arouse himself or to improve his chances of engaging in sexual activity with a child, is not present in the case at bar. Here, the immediate potential for a person to use the anonymity of the Internet and unprotected speech to directly solicit a minor to engage in illegal sexual activity is very significant. The harm to children was prevented in this case by the "sting" operation. It was fortunate that Tarbay [i.e., the defendant-appellant in this case] was communicating with an undercover officer whom he only believed was a minor but who was not an actual minor. It appears that the importuning statute served its purpose by preventing harm to a minor.
 {¶ 54} "Tarbay also seems to argue that the importuning statute is not narrowly tailored to serve the state's interest, because it applies only to an adult offender who is four years older than the age assumed by the officer posing as a minor. We believe that it is reasonable for the state to find that the impact of a direct solicitation for sex on an adolescent from a much older adult is more damaging than such a solicitation from a person closer in age. [Footnote omitted.] The older adult is more likely to be more sophisticated and better able to coerce or overcome the resistance of a minor.
 {¶ 55} "Because [former] R.C. 2907.07(E)(2) [now 2907.07(D)(2)] is narrowly tailored to serve the government's compelling interest, we hold that it is constitutional on its face and as applied to Tarbay. We note that our holding is in line with United States Supreme Court precedent [Giboney v.Empire Storage (1949), 336 U.S. 490, 498, 69 S.Ct. 684], which has rejected the contention that the First Amendment extends to speech that is incidental to or part of a course of criminal conduct, i.e., soliciting a minor child for sex." [Footnote omitted.] (Emphasis sic.) Tarbay, 157 Ohio App.3d 261, 266-267.
 {¶ 56} Appellant also argues that R.C. 2907.07(D)(2) violates his equal protection and due process rights under the United States and Ohio Constitutions. In support, he argues that R.C.2907.07(D)(2) is "unjust and unfair" because the statute requires the state to show beyond a reasonable doubt that a person has "actual knowledge" that a minor is, in fact, a minor, but it nevertheless permits a person to be convicted of importuning where he only "believes" that the person with whom he is communicating is a minor. We find this argument unpersuasive.
 {¶ 57} Contrary to what appellant contends, R.C.2907.07(D)(2) does not require the state to prove that an offender has "actual knowledge" that the person with whom he or she is communicating is, in fact, a minor. It only requires the state to prove beyond a reasonable doubt that the offender believed that the person with whom he or she was communicating was a minor, or was reckless in that regard. Furthermore, there is nothing "unjust and unfair" about this provision. As one court has observed:
 {¶ 58} "In reality, the statute simply employs investigative techniques that have long been accepted in other criminal contexts. For example, law enforcement personnel have historically posed as prostitutes or drug-dealers, and have arrested the individuals who solicited the prostitutes or who attempted to buy or sell drugs." Turner,156 Ohio App.3d at 185.
 {¶ 59} In light of the foregoing, we conclude that R.C.2907.07(D)(2) is neither unjust nor unfair, and does not violate a defendant's rights to equal protection or due process.
 {¶ 60} Appellant also argues that R.C. 2907.07(D)(2) violates the Commerce Clause of the United States Constitution because it has the potential to subject internet users to inconsistent regulations nationwide. We find this argument unpersuasive.
 {¶ 61} As the Snyder court stated in rejecting this same argument regarding former R.C. 2907.07(E)(2), now 2907.07(D)(2):
 {¶ 62} "* * * R.C. 2907.07(E)(2) is a valid exercise of police power in the state of Ohio. R.C. 2907.07(E)(2) is unlike many of the statutes challenged in other states and found to be unconstitutional due to vagueness or overbreadth. CyberspaceCommunications, Inc. v. Engler (E.D.Mich. 1999),55 F.Supp.2d 737; Am. Libraries Assn. v. Pataki (S.D.N.Y. 1997),969 F.Supp. 160. R.C. 2907.07(E)(2) does not regulate the mere transmission of pictures, images, or messages that are deemed harmful to children. Rather, R.C. 2907.07(E)(2) regulates the conduct of adults who seek to solicit minors to engage in sexual activity in conversations by means of the Internet or other telecommunications devices. Since such conduct is not protected by the First Amendment and serves no meaningful purpose, R.C.2907.07(E)(2) does not unduly interfere with interstate commerce." Snyder, 155 Ohio App.3d at 467.
 {¶ 63} Appellant's fifth assignment of error is overruled.
 {¶ 64} Assignment of Error No. 3:
 {¶ 65} "THE JUDGMENTS OF CONVICTION ARE CONTRARY TO LAW AND TO THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES IN THAT THERE WAS INSUFFICIENT EVIDENCE ADDUCED TO ESTABLISH EACH AND EVERY ELEMENT OF EACH OFFENSE BEYOND A REASONABLE DOUBT."
 {¶ 66} Assignment of Error No. 4:
 {¶ 67} "THE JUDGMENTS OF CONVICTION ARE CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 68} Because appellant argues his third and fourth assignments of error together, we shall address them jointly. However, we note that a challenge based on the sufficiency of the evidence and one based on the weight of the evidence are legally distinct issues. State v. Thompkins, 78 Ohio St.3d 380, 386,1997-Ohio-52.
 {¶ 69} Appellant argues that his convictions on both counts in the indictment were not supported by sufficient evidence and are contrary to the manifest weight of the evidence. We disagree with both of these arguments.
 {¶ 70} When reviewing whether the evidence presented at trial is sufficient to support a criminal defendant's conviction, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus, following Jackson v.Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781.
 {¶ 71} When considering whether a criminal defendant's conviction is against the manifest weight of the evidence, an appellate court, after reviewing the entire record, weighs the evidence, including all reasonable inferences that can be drawn from it, and considers the credibility of the witnesses, to determine whether in resolving conflicts in the evidence, the jury or, in a bench trial, the trial court, clearly "lost its way" and created such a miscarriage of justice that the conviction must be reversed and a new trial ordered. SeeThompkins, 78 Ohio St.3d 386-387.
 {¶ 72} Appellant argues that he cannot be convicted for violating R.C. 2907.07(D)(2) because he was "denied * * * by law enforcement subterfuge, awareness of the existence of any or all of the elements of the offense[.]" Specifically, appellant contends that "it is obvious" that he "had no idea he was communicating with a law enforcement officer posing as a teenaged girl[,]" and "[t]hat knowledge [of that fact] was essential to his ability to conform his conduct to the requirements of the law." He concludes by asserting that "[t]he state's failure to prove [he] knew he was communicating with a law enforcement officer renders the conviction of importuning unconstitutional as being based upon insufficient evidence of that element, and also renders the statute unconstitutionally vague." We disagree with this argument.
 {¶ 73} Initially, we reiterate that R.C. 2907.07(D)(2) has been found by other courts not to be unconstitutionally vague. See Snyder, 155 Ohio App.3d at 460-461, and Turner,156 Ohio App.3d at 184-185. The statue clearly prohibits adults from using computers or other telecommunications devices "to solicit minors of certain ages — or law enforcement personnel posing as such minors — for sexual activity." Turner at 184. Because R.C.2907.07(D)(2) "allows persons of ordinary intelligence to understand what conduct is prohibited, and provides standards to prevent arbitrary or discriminatory enforcement, it is not void for vagueness." Id. at 185.
 {¶ 74} Furthermore, R.C. 2907.07(D)(2) does not require the state to prove that a defendant was aware that he or she was communicating with a police officer. Instead, it merely requires the state to prove that the defendant believed that the person with whom he or she was communicating was a person who was 13 years old or older, but less than 16 years old, or that the defendant was reckless in that regard, and that the defendant is four or more years older than the age the law enforcement officer assumes in posing as a person who is 13 years old or older, but less than 16 years old. R.C. 2907.07(D)(2).
 {¶ 75} Here, appellant stipulated to the fact that he believed that "andi_girl_14" was 14 years old. Based upon the stipulated facts that were entered into the record, we conclude that appellant's conviction for importuning in violation of R.C.2907.07(D)(2) was supported by sufficient evidence and was not against the manifest weight of the evidence.
 {¶ 76} Appellant also contends that in order to convict a person of importuning under R.C. 2907.07(D)(2) or of attempted unlawful sexual conduct with a minor, under R.C. 2923.02(A) and2907.04(A), the state must prove that the person solicited "must actually exist, and not just in the imaginations of the solicitor and the imposter-officer [sic] masquerading as a teen-aged girl." In support of this argument, appellant relies primarily onAshcroft, 535 U.S. 234. We disagree with this argument.
 {¶ 77} There is nothing in R.C. 2907.07(D)(2) or R.C.2923.02(A) and R.C. 2907.04(A) that requires the state to prove that the person being solicited actually exits in order for the offender to be convicted of committing those offenses. Indeed, R.C. 2923.02(B) of the attempt statute specifically provides:
 {¶ 78} "It is no defense to a charge under this section that, in retrospect, commission of the offense that was the object of the attempt was either factually or legally impossible under the attendant circumstances, if that offense could have been committed had the attendant circumstances been as the actor believed them to be."
 {¶ 79} Furthermore, as to appellant's arguments regardingAshcroft, 535 U.S. 234, we find that case distinguishable from this one, for the reasons stated in our response to appellant's fifth assignment of error.
 {¶ 80} Appellant's third and fourth assignments of error are overruled.
 {¶ 81} Judgment affirmed.
Powell, P.J., and Young, J., concur.
[1] {¶ a.} R.C. 2907.07(D) states, in pertinent part:
{¶ b.} "No person shall solicit another by means of a telecommunications device, as defined in section 2913.01 of the Revised Code, to engage in sexual activity with the offender when the offender is eighteen years of age or older and either of the following applies:
{¶ c.} "* * *
{¶ d.} "(2) The other person is a law enforcement officer posing as a person who is thirteen years of age or older but less than sixteen years of age, the offender believes that the other person is thirteen years of age or older but less than sixteen years of age or is reckless in that regard, and the offender is four or more years older than the age the law enforcement officer assumes in posing as the person who is thirteen years of age or older but less than sixteen years of age."
[2] R.C. 2923.02(A) states that "[n]o person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense." R.C. 2907.04(A) states that "[n]o person who is eighteen years of age or older shall engage in sexual conduct with another who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard."
[3] {¶ a.} R.C. 2950.031 states, in pertinent part:
{¶ b.} "(A) No person who has been convicted of, is convicted of, has pleaded guilty to, or pleads guilty to either a sexually oriented offense that is not a registration-exempt sexually oriented offense or a child-victim oriented offense shall establish a residence or occupy residential premises within one thousand feet of any school premises."