OPINION
{¶ 1} Defendant-appellant, Alfred Nagel, appeals the reporting and residence requirements imposed on him as part of his designation as a sexually-oriented offender after he was convicted in the Brown County Court of Common Pleas of 61 counts of voyeurism.
 {¶ 2} Appellant was indicted in 2003 on 71 counts of voyeurism in violation of R.C. 2907.08(D)(1), two counts of voyeurism in violation of R.C. 2907.08(C) and one count of voyeurism in violation of R.C. 2907.08(B). The charges involved the videotaping of appellant's stepchildren and others through a hidden camera in the bathroom of appellant's home.
 {¶ 3} At trial, the jury was unable to reach a verdict and a mistrial was declared. The case was reset for a second trial, but on the morning of the scheduled trial date, appellant and the state entered into a negotiated plea bargain. Appellant pled no contest to 60 counts of misdemeanor voyeurism under R.C.2907.08(C) and one count of felony voyeurism under R.C.2907.08(D)(1) and the remaining counts were dismissed. The trial court found appellant guilty and sentenced him accordingly. The court also determined that appellant was a sexually-oriented offender.
 {¶ 4} Appellant now appeals conditions imposed as a result of his designation as a sexually-oriented offender. He raises two assignments of error for our review.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE TRIAL COURT ERRED IN VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS OF LAW AND TO THE EQUAL PROTECTION OS [SIC] THE LAWS, SECURED TO HIM BY THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION, BY IMPOSING REPORTING REQUIREMENTS ON APPELLANT AFTER FINDING APPELLANT TO BE A SEXUALLY ORIENTED OFFENDER."
 {¶ 7} In his first assignment of error, appellant contends that the registration requirements of R.C. Chapter 2950 violate his constitutional rights of due process and equal protection under the Ohio and United States constitutions. As support for this argument, appellant urges this court to follow the reasoning expressed by the First District Court of Appeals in State v.Boeddeker (Feb. 13, 1998), Hamilton App. No C-970471; and Statev. Anthony, Hamilton App. No. C-030510, 2004-Ohio-3894. In these cases, the First District determined that the registration requirements of R.C. Chapter 2950 are unconstitutional as applied to sexually oriented offenders.
 {¶ 8} However, appellant failed to raise this issue in the trial court and has, therefore waived it on appeal. State v.Ferguson, 108 Ohio St.3d 451, 2005-Ohio-3711, ¶ 84.
 {¶ 9} Moreover, the First District later overruled Anthony
on this precise issue in State v. Cooper, Hamilton App. No. C-030921, 2004-Ohio-6428, and this court followed Cooper inState v. Meredith, Warren App. No. CA2004-06-062,2005-Ohio-2664, and upheld the constitutionality of the registration requirements as applied to sexually oriented offenders. See, also, State v. King, Butler App. No. CA2004-03-058, 2005-Ohio-3623; State v. Worst, Butler App. No. CA2004-10-270, 2005-Ohio-6550. Appellant's first assignment of error is overruled.
 {¶ 10} Assignment of Error No. 2:
 {¶ 11} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY OVERRULING HIS MOTION TO HOLD THE SEX OFFENDER CLASSIFICATION AND REPORTING STATUTES UNCONSTITUTIONAL UNDER THE OHIO CONSTITUTION, AND THE DUE PROCESS CLAUSE OF THEFOURTEENTH AMENDMENT."
 {¶ 12} In his second assignment of error, appellant contends that the trial court erred in "overruling his motion to hold the sex offender classification and reporting statutes unconstitutional * * *." Although appellant's assignment of error references the trial court's denial of his motion to hold the statute unconstitutional, no such motion was filed in the trial court. In addition, this issue was not raised at the plea hearing or the sexual predator and sentencing hearing.
 {¶ 13} This court has previously held that the failure to raise this issue in the trial court constitutes waiver on appeal.Worst at ¶ 31-37. Accordingly, as appellant failed to raise this issue in the trial court, he has waived it on appeal.Ferguson at ¶ 84. Appellant's second assignment of error is overruled.
Judgment affirmed.
Powell, P.J., and Young, J., concur.