OPINION
{¶ 1} Defendant-appellant, Fred Voelker, appeals the decision of the Warren County Court of Common Pleas denying his motion to suppress.
 {¶ 2} On September 25, 2006, Detective Lieutenant Jay Braley of the Hamilton Township Police Department was posing as a 15-year-old girl while investigating online sexual predators. An individual, using the name of "MISED8057" and later identified as *Page 2 
appellant, contacted him and solicited oral sex. The two arranged to meet that evening at 8:30 p.m. in the parking lot of the South Lebanon Elementary School. Appellant described himself as a 49-year-old man, tall, thin, balding, and with a goatee. Appellant told Det. Braley he would be driving a blue truck (appellant described his vehicle as a truck, not a pickup truck).
 {¶ 3} Det. Braley recruited the assistance of Lieutenant Scott Carlton and Officer Quillen Short, and all three drove separately to the school and set up surveillance in different locations. Det. Braley and Lt. Carlton were both driving unmarked cars; however, Det. Braley's car was equipped with lights going across the front windshield, lights within the headlights that could be activated, and a siren. Det. Braley parked on the edge of a Kroger parking lot, directly south of the location where he and appellant had arranged to meet. From where he was parked, although a tree line obscured a portion of the school parking lot, Det. Braley could see both exits of the parking lot.
 {¶ 4} At 8:45 p.m., Det. Braley observed a blue Chevrolet Avalanche truck exit the parking lot of the school. The detective testified that he did not see the Avalanche enter the parking lot. The detective explained that because he stayed busy on the radio and cell phone during the surveillance, he was not paying attention 100 percent of the time. However, Det. Braley testified that there were no activities at the school that night, the parking lot was "totally empty," and he did not remember observing other vehicles entering or exiting the parking lot during surveillance.
 {¶ 5} The Avalanche drove past Officer Short on Oakview Drive, made a U-turn in that street, and a few minutes later drove past Det. Braley. As appellant drove by, the high beams of the detective's car illuminated the passenger side of the Avalanche, appellant "kind of looked over," and the detective "plainly" observed the balding and the goatee. Det. Braley started following appellant, and 60 yards later, activated his lights on his windshield. *Page 3 
Appellant did not pull over but accelerated instead. After Lt. Carlton moved in front of appellant, and Officer Short moved his police cruiser to the left of appellant's car, boxing him in, appellant pulled over. The pursuit lasted approximately a quarter of a mile. Det. Braley told appellant that they were undercover officers and to comply with their orders. However, Det. Braley had to tell appellant at least two or three times to get out of the truck before appellant complied. After he was arrested and advised of the charges against him, appellant replied, "I wasn't going to have sex with her anyway."
 {¶ 6} Appellant was indicted in October 2006 on one count each of importuning in violation of R.C. 2907.07(D)(2), and attempted unlawful sexual conduct with a minor in violation of R.C. 2907.04(A) and2923.02(A). Appellant moved to suppress all evidence stemming from his arrest. On March 27, 2007, following a hearing on the motion, the trial court overruled the motion on the ground that Det. Braley properly stopped appellant and had probable cause to arrest him. Appellant pled no contest to one count each of importuning and attempted unlawful sexual conduct with a minor. Appellant was sentenced to 30 days in prison for each charge, to be served concurrently, and to three years of community control, and was found to be a sexually-oriented offender. This appeal follows.
 {¶ 7} In a single assignment of error, appellant argues the trial court erred by denying his motion to suppress. Appellant contends that Det. Braley lacked a reasonable suspicion to stop him. Appellant further contends that Det. Braley lacked probable cause to arrest him.
 {¶ 8} In reviewing a trial court's decision on a motion to suppress, an appellate court must accept the trial court's factual findings if they are supported by competent, credible evidence. State v.Anderson (1995), 100 Ohio App.3d 688, 691. However, an appellate court independently determines without reference to the trial court whether the court applied the appropriate legal standard to the facts. Id.
 {¶ 9} A police officer may briefly stop and detain an individual, without an arrest *Page 4 
warrant and without probable cause, where the officer reasonably suspects that the individual is or has been involved in criminal activity. See Terry v. Ohio (1967), 392 U.S. 1, 88 S.Ct. 1868; State v.Cochran, Preble App. No. CA2006-10-023, 2007-Ohio-3353. To justify an investigatory stop, the officer must be able to point to specific and articulable facts that, taken together with rational inference from those facts, reasonably warrant the intrusion. See Terry. Specific and articulable facts include location and the suspect's conduct or appearance. See State v. Bobo (1988), 37 Ohio St.3d 177. The propriety of an investigatory stop by a police officer must be viewed in light of the totality of the surrounding circumstances as viewed through the eyes of a reasonable police officer on the scene, guided by his experience and training. Cochran, 2007-Ohio-3353 at ¶ 14.
 {¶ 10} To make a warrantless arrest, a police officer must have, at the time of the arrest, probable cause to believe the accused committed a felony. State v. Cearley, Butler App. No. CA2003-08-213,2004-Ohio-4837, ¶ 8, citing State v. Timson (1974), 38 Ohio St.2d 122, paragraph one of the syllabus. Probable cause to arrest exists when the officer has sufficient information, derived from his own knowledge or a trustworthy source, that would lead a prudent person to believe the accused committed the offense. Cearley at ¶ 8. Information need not unequivocally establish the accused's involvement, but must only show a probability or substantial chance that he engaged in criminal activity. Id. When determining whether probable cause to arrest exists, a court reviews the totality of facts and circumstances surrounding the arrest. Id.
 {¶ 11} One of the issues in this case is whether, based upon the physical description given online to Det. Braley by MISED8057 as a 49-year-old man, tall, thin, balding and with a goatee, and the description of MISED8057's car as a blue truck, combined with the exit from the parking lot of the South Lebanon Elementary School, the arranged meeting place, of a blue Avalanche driven by a man balding and with a goatee, near the time of the arranged *Page 5 
meeting, Det. Braley had reasonable suspicion to stop appellant's vehicle.
 {¶ 12} We find that under these facts and the totality of the circumstances, Det. Braley had reasonable suspicion justifying an investigatory stop of appellant's vehicle. When pulled over, appellant fit MISED8057's age (appellant was born in 1951), and his physical description as being balding and with a goatee. Likewise, the blue Avalanche driven by appellant fit MISED8057's description of the vehicle he would be driving. Det. Braley testified that other than appellant's vehicle, he did not observe any other vehicles entering or exiting the school parking lot during surveillance, there were no activities at the school that evening, and the parking lot was "totally empty."
 {¶ 13} We further find that under the totality of the circumstances, these facts combined with appellant's action of accelerating once Det. Braley activated his lights, and not pulling over until he was boxed in by Officer Short's cruise, gave Det. Braley probable cause to arrest appellant as the individual who, under the name of MISED8057, solicited oral sex from Det. Braley who was posing at the time as a 15-year-old girl. See Cearley, 2004-Ohio-4837.
 {¶ 14} We therefore find that the trial court did not err by denying appellant's motion to suppress. Appellant's assignment of error is overruled.
 {¶ 15} Judgment affirmed.
 WALSH and POWELL, JJ., concur. *Page 1